■ SALVATORE MANGIA, Respondent, v J.M.F. REALTY CORP. et al., Appellants.—In an action to recover the down payment made on a contract for the sale of a house, the defendants appeal from (1) so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCabe, J.), dated April 4, 1990, as granted the plaintiff's cross motion for summary judgment, and (2) an order of the same court, dated April 5, 1990, which denied their motion for reargument.

Ordered that the appeal from the order dated April 5, 1990, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment dated April 4, 1990, is reversed insofar as appealed from, on the law, and the plaintiff's cross motion for summary judgment is denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff (hereinafter the buyer) entered into a contract to purchase a house owned by the defendant J.M.F. Realty Corp. (hereinafter the seller) for $190,000. Upon signing the contract, the buyer paid a deposit in the amount of $19,000, which was held in escrow by the seller's attorney. Pursuant to the contract, the buyer was obligated to make diligent efforts to obtain a mortgage loan in the amount of $140,000. The buyer alleged, and the Supreme Court agreed, that he had made a good faith, albeit unsuccessful attempt to obtain a mortgage, and was therefore entitled, under the contract, to a refund of his deposit. However, the evidence in the record, including, among other things, the buyer's sole mortgage application for $150,000, as opposed to the $140,000 amount called for in the contract, and the buyer's refusal to accept the seller's offer to take back a purchase money mortgage, raise triable issues of fact concerning the buyer's good faith and whether or not the buyer made a diligent effort to obtain a mortgage commitment. Accordingly, the buyer's cross motion

for summary judgment should have been denied. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.